ELEANOR C. GIFFORD et al., complainants,

v.

THOMAS McGUINNESS et al., defendants.

[Argued June 26th, 1902.    Decided July 7th, 1902.
Filed September 26th, 1902.]

On appeal of Thomas F. McLaughlin, a defendant.

1. The court out of which an execution issues may at its discretion order paid into court money which by the terms of the writ is payable to a person named.

2. No substantial grievance is inflicted by permitting, without previous *prima facie* proof, a judicial inquiry into the truth of allegations on which it is sought to correct an adjudication.

On appeal from an order of the chancellor, dated April 15th, 1902, who filed no opinion.

The decree, taken *pro confesso,* of the court of chancery, on foreclosure of mortgage on lands of Thomas McGuinness, adjudged, upon an *ex parte* report of a master, that there was due (1) to the complainants, the holders of the mortgage, $7,933.33, and (2) to the defendant Thomas F. McLaughlin, as a judgment creditor of McGuinness, $6,169.40, and ordered a sale, by *fieri facias,* of the mortgaged lands, to satisfy costs and said debts—the surplus proceeds, if any, to be brought into court, unless otherwise previously disposed of by order of the court. The writ issued on this decree, on May 28th, 1901, commanded sale and payment of costs and the sums adjudged to the respective parties entitled thereto, in the order named, and directed the sheriff to have those moneys in court at the October Term to render to said parties and also the surplus money, if any. At a sale advertised under such writ the property was struck off for $17,500 to McLaughlin, on conditions requiring the payment of ten per centum of the purchase-money down and the residue thereof on a day named. Pending the passing of title the de-

fendant Mary Ellen McGuinness, wife of Thomas McGuinness, presented to the chancellor a petition setting forth that she had inchoate dower in the land sold, and also that, after the decree in foreclosure, she had procured, in the same court, a decree against her husband for weekly alimony and for counsel fee, and, for the enforcement thereof, a writ of sequestration of his personal estate and the rents of his real estate; that the judgment of McLaughlin was collusive, being contrived by her husband on a fictitious debt, in order to defeat her rights in the premises, and that her husband was the real purchaser at the sale. Under the prayer of this petition, verified on information and belief, the chancellor, *ex parte,* made an order referring to a master the ascertainment of the truth of its allegations and directing the sheriff to pay into court all the proceeds of his sale above the amount due the complainants; and, afterwards, denied an application by McLaughlin to discharge or modify such order. Whereupon McLaughlin appealed to this court.

*Mr. John J. Hubbell,* for the appellant.

*Mr. Marshall W. Van Winkle,* for the respondent.

The opinion of the court was delivered by

COLLINS, J.

So far as payment into court is concerned, the order appealed from was entirely discretionary with the chancellor, and is not subject to review. Originally, under an execution of the tenor of that under which the sale was made, framed, as it was, on the common law *fieri facias,* payment could only be made publicly in court by the sheriff or other officer executing the writ. A relaxation of this strictness, permitting payment out of court and the acceptance, in lieu of cash, of the receipt of the party entitled to payment under the judgment or decree—which became almost a matter of course where such party was the purchaser—led to the contention that neither the officer nor the court could adopt any other course. This contention was effectually disposed of by Chief-Justice Hornblower, in the supreme

court, in 1833. *Stebbins* v. *Walker, 2 Gr. 90.* The chief-justice, after a historical review of the subject, said: "I cannot doubt that we have the right, whenever application is made to us for that purpose and a proper case stated, to compel the sheriff to bring the money into court. Neither have I any doubt but that the sheriff, whenever he chooses for his own convenience, instead of paying the money to the party out of court, may, in obedience to the command of the writ, bring it here and pay it in court." This case, also, is authority for the right of the sheriff to discharge himself by taking the receipt of the clerk; *a fortiori* this is his only permissible course where payment into court is ordered.

The practice thus declared has never since been questioned. It was reasserted as proper in *Cox* v. *Marlatt, 7 Vr. 390,* and in *Wandling* v. *Thompson, 12 Vr. 142,* the supreme court held in contempt a sheriff who, after an order to pay into court the proceeds of an execution, gave a deed for land sold by him to a plaintiff in execution and accepted his receipt in lieu of cash. We entirely assent to the view that any court may.compel money raised by its process to be brought into court for distribution, and that from an order made for that purpose no one suffers an appealable grievance. To obtain an order merely for such payment neither written pleading nor proof is essential. The court is merely enforcing a regulation customarily dispensed with. Presumably the money will be paid as previously adjudged. The only burden will be that of notice to interested parties.

Chancellor Green well held, in *Lithauer* v. *Royle, 2 C. E. Gr. 40,* that no change can be made in the mode of appropriating a fund ordered raised by decree, except by opening and correcting the decree and altering the execution. The same thing is, of course, true of a common law judgment.

The proceeding to correct the adjudication may, of course, be instituted before the money is ordered paid into court, and a very proper course is that which was taken in the present case, namely, to include prayer for that relief in the application for the order for such payment.

The only debatable question on this appeal is whether Mrs.

Gifford *v.* McGuinness.

McGuinness made a case sufficient to warrant the inquiry ordered. She certainly was not estopped from asking it, for, at the time she presented her petition, she had a larger right than at the time she suffered the decree. The issue she now tenders has never been litigated, and she has a right to be heard on it. The records of the court afforded sufficient proof of her *status*. It may be that the chancellor might well have required a disclosure of the information forming the ground of her belief that McLaughlin's judgment was collusive and fraudulent; but there was no substantial grievance inflicted in permitting the inquiry ordered without first requiring *prima facie* proof of the allegations made.

The order appealed from is, in all things, affirmed.

*For affirmance*—GARRISON, COLLINS, FORT, GARRETSON, PITNEY, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM—10.

*For reversal*—None.